IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-272-D |
| | ) |
| BRADY HENRY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636 (b)(1)(B)-(C). Upon initial examination, Judge Roberts recommends that the Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 be denied under Rule 4 of the Rules Governing Section 2254 Cases.[1] Petitioner, a state prisoner appearing *pro se*, has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks federal habeas relief based on a claim that statutory changes to Oklahoma's parole procedures in 1997 and 1998, when applied to an inmate sentenced in 1984, violate the Ex Post Facto Clause of the Constitution. As clarified by his Objection, Petitioner does not challenge a decrease in the frequency of parole considerations, a theory rejected in *Henderson v. Scott*, 260 F.3d 1213, 1217 (10th Cir. 2001). The focus of Petitioner's challenge is the adoption of a two-stage

---

[1] Under Rule 4, which this Court exercises its discretion to apply in Section 2241 cases, a habeas petition should be dismissed if it "fails to allege facts that state a constitutional violation." Boutwell v. Keating, 399 F.3d 1203, 1211 (10th Cir. 2005). Although Judge Roberts refers to the recommended decision as a "denial" of the Petition, the proper disposition is a dismissal. *See* Rule 4, Rules Governing Section 2254 Cases.

hearing procedure set forth in Okla. Stat. tit. 57, § 332.7(C), under which potential candidates are selected by the Pardon and Parole Board for further consideration based on a written report compiled by its staff. Petitioner alleges the new procedures disadvantage him in two ways: (1) they deprive him of the opportunity to appear personally before the Board and to view or challenge the information presented in the staff report; and (2) they expand the scope of the prison record to be considered, requiring the Board to be informed about his entire period of incarceration instead of only his current institutional assignment.[2] Judge Roberts finds that Petitioner has failed to provide a factual basis to conclude that these changes produce a significant risk of a longer period of incarceration, and thus fails to show an *ex post facto* violation.

In his Objection, and a separate motion for an evidentiary hearing, Petitioner contends he has been deprived of the opportunity to obtain evidence to support his claims; he complains of his lack of access to the Board's records and the lack of an opportunity to review the staff reports compiled about him. Petitioner argues the fact he was paroled from one sentence in 1990, but denied consideration for parole from his current sentence in 2003 and 2006 based on staff reports, "should be enough to raise suspicion of retroactive application" of the new procedures. *See* Objection at 4.

Judge Roberts correctly frames the question as whether Petitioner has presented facts to show the Board's application of an amendment to his circumstances "increases, to a significant degree, the likelihood or probability of prolonging [his] incarceration." *Garner v. Jones*, 529 U.S. 244, 256 (2000); *see Henderson*, 260 F.3d at 1217. As to the alleged change in the scope of information considered by the Board, Petitioner fails to provide any basis to conclude the change has affected him. Petitioner speculates that consideration of a prisoner's record during his entire period of

---

[2] *The provision effecting this alleged change appears in Section 332.7(H).*

incarceration, as opposed to his current place of confinement, may deprive parole candidates of "the opportunity to clean up their records in anticipation of consideration." *See* Objection at 4. Petitioner does not allege that *he* has been deprived of this opportunity because of a past disciplinary problem or other spot on his record that may now be used against him but would not have been considered under prior procedures.

As to the Board's use of a written report to determine which candidates should receive a second-stage hearing, the likelihood that Petitioner has been affected by the new procedure is also a matter of speculation. According to his pleading, Petitioner was sentenced in 1984 to three 15-year terms of imprisonment for "sex related crimes and burglary." *See* Petition at 1. He is now serving his third 15-year sentence. He reports that he was paroled from the first sentence in 1990 after serving five and one-half years of the 15-year term and he discharged his second sentence in 1998 by serving eight years of that term. *See* Objection at 2-3. In other words, Petitioner was not granted parole from his second sentence, even under the old system, and he has not discharged his third sentence, even after serving approximately ten years of his term.[3]  In view of these facts, Petitioner's failure to obtain parole from his third sentence upon opportunities for consideration in 2003 and 2006 likely has nothing to do with the Board's practice of considering a staff report without his personal appearance.[4]  Thus, the Court concurs in Judge Roberts' finding that Petitioner

---

[3] Petitioner states he discharged his second sentence on June 6, 1998. See Objection at 3.

[4] *Concerning the allegation in Petitioner's Objection that the use of a written report deprives him of an opportunity to review and challenge the information presented to the Board, the Court notes Petitioner has no due process right in the parole process; in Oklahoma, a constitutionally protected liberty interest in parole arises only upon release from confinement, not when an inmate becomes eligible for release. See Boutwell v. Keating, 399 F.3d 1203, 1212 (10th Cir. 2005).*

has failed to present facts to show the Board's procedural changes significantly increase Petitioner's likelihood of serving his full sentence and thus constitute an *ex post facto* violation.

For these reasons, the Court adopts the Report and Recommendation [Doc. No. 9] as modified by this Order.

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus [Doc. No. 1] is DISMISSED. Petitioner's Motion for Evidentiary Hearing [Doc. No. 10] and Motion for Appointment of Counsel [Doc. No. 11] are DENIED as moot.

IT IS SO ORDERED this 2nd day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE